UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM CECIL THORNTON, CDCR #V-64547, <br><br> Plaintiff, <br><br> vs. <br><br> GEORGE NEOTTI, et al., <br><br> Defendants. | Civil No. 10cv1677 LAB (BGS) <br><br> **ORDER DISMISSING SECOND AMENDED COMPLAINT FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b)** |

I.

PROCEDURAL HISTORY

On August 6, 2010, William Cecil Thornton ("Plaintiff"), a state prisoner currently incarcerated at the California Correctional Institution located in Tehachapi, California, and proceeding in pro se, filed a civil rights Complaint pursuant to 42 U.S.C. § 1983. In addition, Plaintiff filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) [Doc. No. 2].

On August 24, 2010, the Court granted Plaintiff's Motion to Proceed IFP and simultaneously dismissed his Complaint for failing to state a claim. *See* Aug. 24, 2010 Order at 7-8. The Court granted Plaintiff leave to file an Amended Complaint. *Id.* at 8. On October 1,

1  2010, Plaintiff filed his First Amended Complaint ("FAC"). Once again, the Court sua sponte
2  screened his FAC and found that Plaintiff failed to state a claim upon which relief could be
3  granted. *See* Nov. 4, 2010 Order at 5-6. Plaintiff continued to fail to allege facts sufficient to
4  state an access to courts claim. *Id.* Nonetheless, the Court permitted Plaintiff an additional
5  opportunity to file a Second Amended Complaint in order to correct the deficiencies of pleading
6  identified by the Court. *Id.* On December 17, 2010, Plaintiff filed his Second Amended
7  Complaint ("SAC").

## II.

### SCREENING PURSUANT TO 28 U.S.C. §§ 1915(e)(2) & 1915A(b)

10  The Prison Litigation Reform Act ("PLRA") obligates the Court to review complaints
11  filed by all persons proceeding IFP and by those, like Plaintiff, who are "incarcerated or detained
12  in any facility [and] accused of, sentenced for, or adjudicated delinquent for, violations of
13  criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary
14  program," "as soon as practicable after docketing." *See* 28 U.S.C. §§ 1915(e)(2) and 1915A(b).
15  Under these provisions of the PLRA, the Court must sua sponte dismiss complaints, or any
16  portions thereof, which are frivolous, malicious, fail to state a claim, or which seek damages
17  from defendants who are immune. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Lopez v. Smith*,
18  203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)); *Resnick v. Hayes*, 213 F.3d
19  443, 446 (9th Cir. 2000) (§ 1915A); *see also Barren v. Harrington*, 152 F.3d 1193, 1194 (9th
20  Cir. 1998) (discussing § 1915A).

21  "[W]hen determining whether a complaint states a claim, a court must accept as true all
22  allegations of material fact and must construe those facts in the light most favorable to the
23  plaintiff." *Resnick*, 213 F.3d at 447; *Barren*, 152 F.3d at 1194 (noting that § 1915(e)(2)
24  "parallels the language of Federal Rule of Civil Procedure 12(b)(6)"). In addition, the Court's
25  duty to liberally construe a pro se's pleadings, *see Karim-Panahi v. Los Angeles Police Dept.*,
26  839 F.2d 621, 623 (9th Cir. 1988), is "particularly important in civil rights cases." *Ferdik v.*
27  *Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992). However, in giving liberal interpretation to a
28  pro se civil rights complaint, the court may not "supply essential elements of claims that were

not initially pled." *Ivey v. Board of Regents of the University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). "Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss." *Id.*

### A. 42 U.S.C. § 1983 Liability

Section 1983 imposes two essential proof requirements upon a claimant: (1) that a person acting under color of state law committed the conduct at issue, and (2) that the conduct deprived the claimant of some right, privilege, or immunity protected by the Constitution or laws of the United States. *See* 42 U.S.C. § 1983; *Nelson v. Campbell,* 541 U.S. 637, 124 S. Ct. 2117, 2122 (2004); *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985) (en banc).

### B. Access to Courts claim

Once again, Plaintiff alleges that while he was housed at the Richard J. Donovan Correctional Facility ("RJD"), he was denied adequate access to the prison's law library. (*See* SAC at 3.) Prisoners do "have a constitutional right to petition the government for redress of their grievances, which includes a reasonable right of access to the courts." *O'Keefe v. Van Boening*, 82 F.3d 322, 325 (9th Cir. 1996); *accord Bradley v. Hall*, 64 F.3d 1276, 1279 (9th Cir. 1995). In *Bounds*, 430 U.S. at 817, the Supreme Court held that "the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons who are trained in the law." *Bounds v. Smith*, 430 U.S. 817, 828 (1977). To establish a violation of the right to access to the courts, however, a prisoner must allege facts sufficient to show that: (1) a nonfrivolous legal attack on his conviction, sentence, or conditions of confinement has been frustrated or impeded, and (2) he has suffered an actual injury as a result. *Lewis v. Casey*, 518 U.S. 343, 353-55 (1996). An "actual injury" is defined as "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim." *Id.* at 348; *see also Vandelft v. Moses*, 31 F.3d 794, 796 (9th Cir. 1994); *Sands v. Lewis*, 886 F.2d 1166, 1171 (9th Cir. 1989); *Keenan v. Hall*, 83 F.3d 1083, 1093 (9th Cir. 1996).

///

1    Here, once again, Plaintiff has failed to alleged any actions with any particularity that
2 have *precluded* his pursuit of a non-frivolous direct or collateral attack upon either his criminal
3 conviction or sentence or the conditions of his current confinement. *See Lewis*, 518 U.S. at 355
4 (right to access to the courts protects only an inmate's need and ability to "attack [his]
5 sentence[], directly or collaterally, and ... to challenge the conditions of [his] confinement."); *see*
6 *also Christopher v. Harbury*, 536 U.S. 403, 415 (2002) (the non-frivolous nature of the
7 "underlying cause of action, whether anticipated or lost, is an element that must be described in
8 the complaint, just as much as allegations must describe the official acts frustrating the
9 litigation."). Moreover, Plaintiff has not alleged facts sufficient to show that he has been
10 actually injured by any specific defendant's actions. *Lewis*, 518 U.S. at 351. Plaintiff's only
11 allegations are that he was refused access to the prison law library and was "not able to meet my
12 filing deadlines in case of writ of habeas corpus EHC676." (SAC at 3.) Plaintiff provides no
13 other facts with regard to this petition or any other elements regarding the underlying action as
14 required by *Christopher*.

15    In short, Plaintiff has not alleged that "a complaint he prepared was dismissed," or that
16 he was "so stymied" by any individual defendant's actions that "he was unable to even file a
17 complaint," direct appeal or petition for writ of habeas corpus that was not "frivolous." *Lewis*,
18 518 U.S. at 351; *Christopher*, 536 U.S. at 416 ("like any other element of an access claim[,] ...
19 the predicate claim [must] be described well enough to apply the 'nonfrivolous' test and to show
20 that the 'arguable' nature of the underlying claim is more than hope."). Therefore, Plaintiff's
21 access to courts claims must be dismissed for failing to state a claim upon which section 1983
22 relief can be granted. *See Lopez,* 203 F.3d at 1126-27; *Resnick*, 213 F.3d at 446.

23    Plaintiff claims that his due process rights under the Fourteenth Amendment have been
24 denied by the failure to properly process his administrative grievances. (*See* SAC at 5.) The
25 Fourteenth Amendment provides that: "[n]o state shall ... deprive any person of life, liberty, or
26 property, without due process of law." U.S. CONST. amend. XIV, § 1. "The requirements of
27 procedural due process apply only to the deprivation of interests encompassed by the Fourteenth
28 Amendment's protection of liberty and property." *Board of Regents v. Roth*, 408 U.S. 564, 569

1   (1972). State statutes and prison regulations may grant prisoners liberty or property interests
2   sufficient to invoke due process protection. *Meachum v. Fano*, 427 U.S. 215, 223-27 (1976).
3   To state a procedural due process claim, Plaintiff must allege: "(1) a liberty or property interest
4   protected by the Constitution; (2) a deprivation of the interest by the government; [and] (3) lack
5   of process." *Wright v. Riveland*, 219 F.3d 905, 913 (9th Cir. 2000).

6   However, the Ninth Circuit has held that prisoners have no protected *property* interest in
7   an inmate grievance procedure arising directly from the Due Process Clause. *See Ramirez v.*
8   *Galaza*, 334 F.3d 850, 869 (9th Cir. 2003) ("[I]nmates lack a separate constitutional entitlement
9   to a specific prison grievance procedure") (citing *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir.
10  1988) (finding that the due process clause of the Fourteenth Amendment creates "no legitimate
11  claim of entitlement to a [prison] grievance procedure")); *accord Adams v. Rice*, 40 F.3d 72, 75
12  (4th Cir. 1994) (1995); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

13  In addition, Plaintiff has failed to plead facts sufficient to show that prison official
14  deprived him of a protected *liberty* interest by allegedly failing to respond to his prison
15  grievances in a satisfactory manner. While a liberty interest can arise from state law or prison
16  regulations, *Meachum*, 427 U.S. at 223-27, due process protections are implicated only if
17  Plaintiff alleges facts to show that Defendants: (1) restrained his freedom in a manner not
18  expected from his sentence, and (2) "impose[d] atypical and significant hardship on [him] in
19  relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995);
20  *Neal v. Shimoda*, 131 F.3d 818, 827-28 (9th Cir. 1997). Plaintiff pleads nothing to suggest how
21  the allegedly inadequate review and consideration of his inmate grievances amounted to a
22  restraint on his freedom not contemplated by his original sentence or how it resulted in an
23  "atypical" and "significant hardship." *Sandin*, 515 U.S. at 483-84. Thus, to the extent Plaintiff
24  challenges the procedural adequacy of inmate grievance procedures, his Second Amended
25  Complaint fails to state a due process claim.
26  / / /
27  / / /
28  / / /

# III.

## CONCLUSION AND ORDER

Good cause appearing therefor, **IT IS HEREBY ORDERED** that:

Plaintiff's Second Amended Complaint [Doc. No. 12] is **DISMISSED** without prejudice for failing to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(b) and § 1915A(b). Because Plaintiff has been provided two opportunities, but still has failed to sufficiently state a claim, the Court finds further amendment would be futile. *See Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 339 (9th Cir. 1996) (denial of a leave to amend is not an abuse of discretion where further amendment would be futile); *see also Robinson v. California Bd. of Prison Terms*, 997 F. Supp. 1303, 1308 (C.D. Cal. 1998) ("Since plaintiff has not, and cannot, state a claim containing an arguable basis in law, this action should be dismissed without leave to amend; any amendment would be futile.") (citing *Newland v. Dalton*, 81 F.3d 904, 907 (9th Cir. 1996)).

The Clerk of Court is directed to close the file.

**IT IS SO ORDERED.**

DATED: 12/31/10

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge